## Case No. 4,588.

In re EWING et al.

[17 N. B. R. 109.][1]

District Court, D. Massachusetts. Jan. 23, 1878.

[1] [Reprinted by permission.]

H. C. Hutchins, H. W. Suter, and F. Dabney, for petitioners.

D. Thaxter, R. D. Smith, G. R. and W. P. Fowler, opposing.

LOWELL, District Judge. I find the facts to be truly set forth in the petition. The creditors were deceived when they were given to understand that fresh capital had been paid in as provided for in the resolutions for composition. There is, however, no evidence that Mr. Leslie, the retired partner, had any privity with or knowledge of the fraud.

There are two decisive objections against opening the case in bankruptcy. The firm was formed with the consent of the creditors of the old firm, and has been trading and dealing for some months, and whatever debts it may have contracted ought to be paid, or at any rate ought to be provable; and I do not see how they could be proved, much less how they could be paid, if the case is to go on as of last February. The second reason is that Mr. Leslie, himself innocent, was discharged and exonerated by a release under seal, and thereby lost the opportunity, because he was released from the duty, of seeing that the composition was faithfully and fully carried out. After his release, most of the acts now complained of were done, and it would be unjust to hold him responsible for them.

I doubt whether it would ever be safe to send a case back to bankruptcy, under our statutes, which make no special provision for such cases, when the creditors have consented to the formation of a new firm, whose rights and liabilities might be most seriously complicated and interfered with by such a course. Truly, a way might be found in some cases, as for instance, if it could be shown that the debts of the new firm were all known, and that the creditors of the old firm were ready to pay them in full.

What I understand this petition to seek would scarcely ever be admissible; that is, to give an assignee the right to avoid all acts, however honest, which had been done under an arrangement which the creditors themselves had authorized.

For the fraud which has been committed, the creditors have various remedies at law and in equity, and perhaps in bankruptcy, which I need not particularly point out to them. In the old bankruptcy they must abide by the deed they have made, because, by that deed, persons more innocent even than they, because not guilty even of negligence, may be injured by revoking or disregarding the deed. Petition denied.